**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v. Case No.: 8:25-cr-360-TPB-AAS

LAZARO ALAIN CABRERA-RODRIGUEZ,

Defendant.
_______________________________________/

**ORDER DENYING "DEFENDANT'S RENEWED MOTION FOR JUDGMENT OF ACQUITTAL UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 29(C) AND INCORPORATED MEMORANDUM OF LAW"**

This matter is before the Court on "Defendant's Renewed Motion for Judgment of Acquittal Under Federal Rule of Criminal Procedure 29(c) and Incorporated Memorandum of Law," filed on September 30, 2026. (Doc. 389). The Government filed a response in opposition on October 14, 2026. (Doc. 391). Upon review of the motion, response, court file, and the record, the Court finds as follows:

## Background

Defendant Lazaro Alain Cabrera-Rodriguez was charged with conspiracy to commit alien smuggling (Count One) and two counts of conspiracy to commit money laundering (Counts Eight and Nine). (Doc. 71). Following a jury trial, Defendant was found guilty on all three counts. (Doc. 381). The jury also found that the alien-smuggling conspiracy was committed for the purpose of commercial advantage or private financial gain.

At the close of the Government's evidence, Defendant orally moved for judgment of acquittal under Federal Rule of Criminal Procedure 29, and the Court

reserved ruling. Defendant subsequently filed the instant renewed motion, arguing that the evidence was insufficient to sustain his convictions. Alternatively, Defendant seeks to set aside the jury's finding that the alien-smuggling conspiracy was committed for commercial advantage or private financial gain.

## Legal Standard

***Judgment of Acquittal***

Under Federal Rule of Criminal Procedure 29, "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). The court may reserve ruling, and after a jury verdict, the defendant may renew his motion. Fed. R. Crim. P. 29(c). When the court reserves ruling, it must decide the motion based on the evidence at the time the ruling was reserved. Fed. R. Crim. P. 29(b).

When deciding a Rule 29 motion, a district court must "determine whether, viewing all evidence in the light most favorable to the Government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict, a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." *United States v. Grisby*, 111 F.3d 806, 833 (11th Cir. 1997) (quoting *United States v. O'Keefe*, 825 F.2d 314, 319 (11th Cir. 1987)). For a defendant to successfully challenge a jury's guilty verdict based on insufficiency of the evidence, it must be established that "no reasonable jury could have found [the

defendant] guilty beyond a reasonable doubt on the evidence presented." *United States v. Ruiz*, 253 F.3d 634, 639 (11th Cir. 2001).

## Analysis

Defendant argues that the Government failed to establish his knowing participation in an agreement to facilitate unlawful immigration, that the evidence did not establish the elements of either money-laundering conspiracy, and that the Government failed to prove the financial gain allegation. However, viewing the evidence in the light most favorable to the Government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict, the Court concludes that the evidence was sufficient to sustain Defendant's convictions.

***Count One***

As to Count One, Defendant argues that the Government established, at most, that he operated a legitimate travel business and provided services to individuals seeking to travel to the United States. He further argues that the Government failed to establish his agreement to facilitate a particular unlawful act, as required by *United States v. Hansen*, 599 U.S. 762 (2023). The Court disagrees.

The evidence at trial included testimony, WhatsApp messages, and other records establishing that Defendant worked with others to facilitate the travel of Cuban nationals to the United States through fraudulent applications under the Electronic System for Travel Authorization ("ESTA") and through flights to Nicaragua and other countries for the purpose of unlawfully entering the United States. Among other things, the evidence showed that Defendant knew the ESTA

applicants had recently been present in Cuba and were ineligible for the program, yet they participated in a scheme involving applications that falsely denied their presence in Cuba. The evidence also included Defendant's own recorded statements instructing travelers to conceal their Spanish passports, misrepresent their residence and travel history, and provide false information to immigration officials. In addition, cooperating witnesses testified concerning Defendant's participation in arranging commercial and charter flights for Cuban nationals whose intended destination was the United States.

Although Defendant characterizes his conduct as the provision of lawful travel services, the jury was entitled to consider the evidence collectively and infer that Defendant knowingly and voluntarily joined an agreement to facilitate unlawful immigration. The evidence was not limited to generalized encouragement or ordinary travel assistance. Rather, it was sufficient to permit a reasonable jury to find that Defendant knowingly participated in a conspiracy directed toward facilitating particular acts of unlawful entry, consistent with *Hansen*. The Government was not required to establish that every contemplated unlawful entry was successfully completed.

***Count Eight***

As to Count Eight, Defendant argues that the Government failed to establish an agreement to transfer money internationally with the intent to promote alien smuggling. However, the evidence included testimony and financial records establishing that substantial payments were made to facilitate flights used in the

smuggling operation. In particular, Miguel Martinez Vasconcelos testified concerning two international wire transfers totaling $105,000 that were used to finance charter flights arranged as part of his partnership with Defendant and another co-conspirator. A Bank of America representative confirmed that the transfers were international wires from a domestic account to a foreign account. This evidence, considered with the testimony concerning Defendant's participation in organizing the charter flights and the purpose of those flights, was sufficient to permit a reasonable jury to find that Defendant knowingly joined an agreement to transfer funds internationally to promote the alien-smuggling conspiracy.

***Count Nine***

As to Count Nine, Defendant argues that the Government failed to establish that he knowingly agreed to conduct financial transactions designed to conceal the proceeds of unlawful activity. Defendant emphasizes that some transactions were conducted through accounts bearing his own name and that the use of multiple accounts had legitimate business explanations.

However, the evidence established substantially more than ordinary financial transactions. The Government presented testimony and financial records concerning numerous limited liability companies and bank accounts used by Defendant and his co-conspirators, including companies with no legitimate business purpose. The evidence also showed substantial cash deposits, frequent transfers among business and personal accounts, and the movement of funds through accounts held in the names of different individuals and entities. Cooperating

witnesses testified concerning the creation and use of these accounts, including the repeated opening of new accounts after banks closed existing ones. Although Defendant offers alternative explanations for these transactions, the jury was entitled to reject those explanations and infer from the pattern of financial activity that Defendant knowingly participated in an agreement to conceal the nature, source, ownership, or control of proceeds derived from the alien-smuggling conspiracy. The evidence was sufficient to support the jury's verdict on Count Nine.

***Financial Gain Finding***

Finally, Defendant argues that the Government failed to establish that the alien-smuggling conspiracy was committed for commercial advantage or private financial gain. The Court again disagrees. The evidence included testimony concerning the amounts charged to customers for travel services, including an ESTA package costing approximately $3,500, as well as payments received through cash and electronic transfers and the financial arrangements surrounding the charter flights. A reasonable jury could conclude from this evidence that Defendant participated in the unlawful conspiracy for the purpose of commercial advantage or private financial gain. The Government was not required to establish Defendant's precise net profit or the amount of money he personally received.

## Conclusion

Viewing the evidence in the light most favorable to the Government, and drawing all reasonable inferences and credibility determinations in favor of the jury's verdict, a reasonable trier of fact could find that the evidence presented at

trial established Defendant's guilt beyond a reasonable doubt on Counts One, Eight, and Nine. The evidence also sufficiently supported the jury's financial gain finding. None of Defendant's arguments warrant judgment of acquittal or otherwise disturbing the jury's verdict. Consequently, Defendant's motion is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 29th day of October, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE